## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

WILLIAM A. CAMPBELL,                    Case No. 1:14-cv-13
     Petitioner,

                                   Barrett, J.

     vs.                                   Bowman, M.J.

WARDEN, LONDON                          **ORDER AND REPORT**
CORRECTIONAL INSTITUTION,               **AND RECOMMENDATION**
     Respondent.

     Petitioner, an inmate in state custody at the London Correctional Institution in London, Ohio, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 with the assistance of counsel. In the petition, petitioner challenges his imprisonment stemming from his 2009 convictions in the Hamilton County Court of Common Pleas for aggravated vehicular homicide and operating a vehicle under the influence of alcohol (OVI). (Doc. 1). Respondent has filed a return of writ in response to the petition. (Doc. 8). This matter is now before the Court on petitioner's motion filed on January 7, 2014 to stay and hold the case in abeyance during the pendency of his appeal in the state courts from the trial court's April 2013 resentencing decision. (Doc. 4). Also pending before the Court for ruling is petitioner's motion filed on March 24, 2014 requesting a status conference or ruling on the pending motion for stay and abeyance. (Doc. 9). In that motion, petitioner also asks for a 60-day extension of time in which to file a traverse and discovery motion "should this Court deny Petitioner's motion for stay and abeyance." (*Id.*). Respondent opposes both petitioner's motion for stay and petitioner's request for a status conference. (*See* Doc. 10).

## I. PROCEDURAL BACKGROUND

     This case has had a long procedural history in the state courts. The criminal charges were brought against petitioner for his role in a single vehicle accident, which resulted in the death of one of the car's occupants. (*See* Doc. 8, Ex. 21). Petitioner was convicted following a jury trial

of three counts of aggravated vehicular homicide and two counts of OVI.  After a hearing on

November 24, 2009, the trial court sentenced petitioner to an aggregate prison term of 28 years,

consisting of consecutive terms of imprisonment of 15 years and 8 years on two of the

aggravated vehicular homicide counts (Counts 1 and 5) and 5 years on one OVI count (Count 3).

(Doc. 8, Ex. 10).[1]

    Petitioner timely appealed to the Ohio Court of Appeals, First Appellate District, which

affirmed petitioner's conviction and sentence and remanded the matter to the trial court only for

correction of clerical errors in the sentencing entry.  (*See id.*, Ex. 21).  The appeal proceedings

concluded on June 22, 2011, when the Ohio Supreme Court declined jurisdiction to hear an

appeal from the Ohio Court of Appeals' direct appeal decision.  (*Id.*, Ex. 26).

    While his appeal was pending before the Ohio Court of Appeals, petitioner filed a *pro se*

petition for post-conviction relief with the trial court raising numerous claims challenging the

effectiveness of his trial counsel.  (*Id.*, Ex. 27).  After the petition was denied and petitioner's

appeal from the trial court's ruling was dismissed, petitioner filed another *pro se* petition for

post-conviction relief with the trial court on June 1, 2011, as well as a later amended petition,

which were also denied by the trial court.  (*See id.*, Exs. 28, 36-38, 43, 49).  Petitioner then

unsuccessfully pursued a timely appeal in proceedings that concluded on October 10, 2012,

when the Ohio Supreme Court declined jurisdiction to hear petitioner's appeal from the Ohio

Court of Appeals' ruling affirming the trial court's judgment.  (*See id.*, Exs. 50, 57-58, 60).

    In the meantime, in May 2011, petitioner filed a *pro se* application under Ohio R. App. P.

26(B) with the Ohio Court of Appeals, requesting that the appeal be reopened because his

appellate counsel was ineffective for failing to raise eighteen assignments of error on direct

---

[1] It is noted that no sentence was imposed for the aggravated vehicular homicide offense charged in Count 2 of the indictment because the trial court merged that count with the aggravated vehicular homicide charge contained in Count 1.  (*See* Doc. 8, Ex. 10).  The trial court also merged the OVI charge contained in Count 4 with Count 3.  (*Id.*).

2

appeal.  (*Id.*, Ex. 61).  The Ohio Court of Appeals allowed the appeal to be reopened for consideration of only one of petitioner's claims based on counsel's failure to assert as an assignment of error that the trial court committed prejudicial error when it sentenced petitioner for allied offenses of similar import.  (*See id.*, Ex. 67).[2]  On September 19, 2012, the Ohio Court of Appeals issued a decision finding that the trial court had erred when it failed to merge the two aggravated vehicular homicide charges contained in Counts 1 and 5 of the indictment for sentencing purposes, but affirming the consecutive sentence that was imposed for the OVI offense charged in Count 3 on the ground that "the OVI was not an allied offense of either aggravated vehicular homicide."  (*Id.*, Ex. 77).  The court vacated the sentences that had been imposed for the aggravated vehicular homicides and remanded the matter to the trial court for resentencing.  (*Id.*).

Assisted by counsel, petitioner pursued a timely appeal to the Ohio Supreme Court from the Ohio Court of Appeals' ruling affirming the consecutive sentence imposed for the OVI offense.  (*Id.*, Exs. 84-85).  On February 6, 2013, the Ohio Supreme Court declined jurisdiction to hear the appeal.  (*Id.*, Ex. 86).

After a hearing held on April 9, 2013, petitioner was resentenced to an aggregate prison term of 20 years, which consisted of consecutive terms of imprisonment of 15 years for the now merged aggravated vehicular homicide offense charged in Count 1 and 5 years for the OVI offense charged in Count 3.  (*Id.*, Ex. 90).  With the assistance of counsel, petitioner timely appealed to the Ohio Court of Appeals, First Appellate District.  (*Id.*, Ex. 91).  In his appellate brief, petitioner asserted five assignments of error challenging the sentence imposed on resentencing, including a claim that the trial court had erred to his prejudice and in violation of

---

[2]Assisted by counsel, petitioner pursued a timely appeal to the Ohio Supreme Court from the Ohio Court of Appeals' decision declining to reopen the appeal to hear other claims that had been asserted by petitioner in the reopening application.  (*See* Doc. 8, Exs. 68-69).  The Ohio Supreme Court dismissed that appeal on June 6, 2012. (*Id.*, Ex. 70).

the Double Jeopardy Clause by failing to merge his OVI conviction and sentence with his conviction and sentence for aggravated vehicular homicide. (*See id.*, Ex. 92). The appeal is currently pending before the Ohio Court of Appeals, First Appellate District. (*See* Doc. 8, Brief, p. 17; Doc. 9, pp. 2-3). Apparently, the state appellate court scheduled an April 24, 2014 "merit hearing," which the undersigned assumes recently took place as scheduled. (*See* Doc. 9, p. 3).

The instant federal habeas action commenced on January 3, 2014. In the petition, petitioner presents seven grounds for relief. (Doc. 1). In Ground Two, he challenges the consecutive sentences that were imposed on resentencing in April 2013 on the ground that they constitute multiple punishment for allied offenses of similar import in violation of the Double Jeopardy Clause. (*See* Doc. 1, pp. 26-32).

## II.  MOTION FOR STAY AND ABEYANCE

In his motion for stay and abeyance, petitioner contends that the instant petition is a mixed petition containing both exhausted and unexhausted claims because the double jeopardy claim alleged in Ground Two has been raised as an assignment of error in the appeal that is currently pending before the Ohio Court of Appeals from the April 2013 resentencing entry. (Doc. 4). Petitioner argues that a stay is appropriate while he exhausts the state appeal remedy because, in accordance with *Rhines v. Weber,* 544 U.S. 269 (2005), he has been diligent in pursuing relief in the state courts and the unexhausted claim alleged in Ground Two is "potentially meritorious." (*Id.*, p. 3). Respondent argues that a stay is not warranted, however, because the double jeopardy claim was previously exhausted and decided by the state courts in adjudicating petitioner's application for reopening of the appeal. (Doc. 10).

As respondent has pointed out, it appears that the double jeopardy claim raised in Ground Two of the petition has been exhausted to the extent that the issue was presented to both the Ohio Court of Appeals and Ohio Supreme Court in the state reopening proceedings. (*See* Doc. 8, Exs.

61, 67, 77, 84-86).  Indeed, the Ohio Court of Appeals expressly rejected petitioner's contention that the OVI offense charged in Count 3 should have been merged for sentencing purposes with the aggravated vehicular homicide charges as an allied offense of similar import.  (*Id.*, Ex. 77, p. 8).  Petitioner appealed that ruling to the Ohio Supreme Court, asserting as the sole proposition of law that the trial court committed prejudicial error and violated the Double Jeopardy Clause when it sentenced petitioner "to consecutive terms of imprisonment for OVI and OVI-based aggravated vehicular homicide as these are allied offenses of similar import."  (*See id.*, Ex. 85). The state's highest court declined jurisdiction of the appeal "pursuant to [Ohio] S.Ct. Prac. R. 7.08(B)(4)," which provides that jurisdiction may be declined in a felony case such as this based on a determination by the Ohio Supreme Court that "leave to appeal is not warranted" or that the appeal "does not involve a substantial constitutional question" or a "question of great or public interest."  (*Id.*, Ex. 86).  Therefore, in the subsequent resentencing entry filed on April 17, 2013, the trial court re-imposed the 5-year consecutive sentence for the OVI offense charged in Count 3, stating that it was "without jurisdiction to address" the original sentence that had been imposed and affirmed by the Ohio Court of Appeals on the OVI counts.  (*See id.*, Ex. 91, p. 2).

Because it thus appears that the claim alleged in Ground Two has already been decided by the state courts, petitioner's reassertion of the same issue as an assignment of error in the appeal from the April 17, 2013 resentencing entry does not pose any exhaustion concerns.  In any event, it does not appear that a stay is warranted here because this case does not implicate the same concerns that led the Supreme Court in *Rhines* to uphold the stay and abeyance of habeas petitions containing unexhausted claims in certain "limited circumstances."  *See Rhines*, 544 U.S. at 277-78.  As discussed in *Rhines*, 544 U.S. at 274-75, the stay-and-abeyance procedure was adopted as a means of ensuring that habeas review is not precluded in the class of cases where there is a risk that the dismissal without prejudice of a timely-filed federal habeas

petition on exhaustion grounds would result in a statute-of-limitations bar to review of any renewed petition filed after the available state remedies are exhausted.  In this case, there does not appear to be any such risk because the one-year statute of limitations governing petitioner's claims for relief has not even begun to run.

In the usual habeas case, the petitioner must file his petition within one year of the date on which the judgment of conviction becomes "final."  *See* 28 U.S.C. § 2244(d)(1)(A).  A judgment in a criminal case typically becomes final for statute of limitations purposes at the conclusion of direct review or the expiration of time for seeking such review, including certiorari review by the United States Supreme Court.  *Rashad v. Lafler*, 675 F.3d 564, 567 (6th Cir. 2012) (citing *Jimenez v. Quarterman*, 555 U.S. 113, 119-20 (2009)); *see also Lawrence v. Florida,* 549 U.S. 327, 333 (2007).  The Supreme Court held in *Jimenez* that a conviction is no longer final under § 2244(d)(1)(A) if the state appellate court issues an order reopening or restoring the pendency of a direct appeal.  *See Jimenez*, 555 U.S. at 119-21.  Furthermore, as the Supreme Court indicated in *Burton v. Stewart*, 549 U.S. 147, 156-57 (2007) (per curiam) (emphasis in original), the statute of limitations does not begin to run until both the petitioner's "conviction *and* sentence" are rendered final by the conclusion of direct review or expiration of time for seeking such review.  Although not every sentence modification will affect the date on which finality attaches for statute-of-limitations purposes, *see, e.g., Eberle v. Warden, Mansfield Corr. Inst.*, 532 F. App'x 605, 610 (6th Cir. 2013) (and cases cited therein), the Sixth Circuit has held that if a criminal defendant's original sentence is vacated and the matter is remanded for resentencing and imposition of a new sentence, the conviction does not become final under § 2244(d)(1)(A) until the conclusion of direct review of the new sentence received at resentencing. *Rashad,* 675 F.3d at 567-69.

Here, the Ohio Court of Appeals restored petitioner's appeal when it granted petitioner's

reopening application for consideration of petitioner's claim challenging the sentence that was imposed in November 2009. Furthermore, after restoring petitioner's appeal, the Ohio Court of Appeals vacated petitioner's original sentence and remanded the matter for resentencing and the imposition of a new sentence involving the merger of the aggravated vehicular homicide counts. Therefore, it appears that petitioner's conviction and sentence will not become final until the conclusion of direct review of the new sentence that petitioner received at resentencing in April 2013.

In any event, even assuming, solely for the sake of argument, that the date of finality has not been affected by petitioner's resentencing in accordance with the Ohio Court of Appeals' decisions reopening the appeal proceedings, vacating the original sentence that was imposed and remanding the matter for resentencing, it appears that the statute of limitations has been tolled since the time petitioner's original sentence became final on September 20, 2011—*i.e.*, when the 90-day period expired for filing a petition for writ of certiorari with the United States Supreme Court from the Ohio Supreme Court's June 22, 2011 entry declining jurisdiction to hear petitioner's appeal from the Ohio Court of Appeals' initial direct appeal decision. Although petitioner was convicted and sentenced in November 2009, the limitations period has been tolled under 28 U.S.C. § 2244(d)(2) throughout the pendency of petitioner's initial appeal and the state post-conviction, reopening, resentencing and current appeal proceedings.

Accordingly, because it appears that the claim alleged in Ground Two was exhausted in the state reopening proceedings, and because this case does not trigger any statute-of-limitations concerns that would justify the stay of this case during the pendency of petitioner's appeal from the April 2013 resentencing entry, it is **RECOMMENDED** that petitioner's motion to stay and hold the instant federal habeas petition in abeyance (Doc. 4) be **DENIED**.

It is **FURTHER ORDERED** that petitioner's motion entitled "Motion For Status Conference Or For Ruling On Petitioner's Motion For Stay And Abeyance" (Doc. 9) is **GRANTED** in part and **DENIED** in part. The undersigned has recommended herein that petitioner's motion for stay and abeyance be denied. Therefore, petitioner's request for status conference or for ruling on his motion for stay (Doc. 9) is **DENIED** as moot. However, to the extent that petitioner has also asked for a 60-day extension of time in which to file a traverse in reply to the return of writ and/or discovery motion should his motion for stay be denied (Doc. 9), his request is **GRANTED**. It is therefore **ORDERED** that any traverse or discovery motion shall be filed by petitioner within sixty (60) days of the date of filing of this Order and Report and Recommendation.

It is **FURTHER ORDERED** that during the pendency of this action, the parties shall update and supplement the record before this Court with any rulings by the Ohio courts or any additional pleadings that are filed in the appeal from the April 2013 resentencing entry, which is currently pending before the Ohio Court of Appeals.

## IT IS THEREFORE RECOMMENDED THAT:

Petitioner's motion to stay and hold his federal habeas petition in abeyance during the pendency of his appeal from the trial court's April 2013 resentencing entry (Doc. 4) be **DENIED**.

## IT IS THEREFORE ORDERED THAT:

1. Petitioner's "Motion For Status Conference Or For Ruling On Petitioner's Motion For Stay And Abeyance" (Doc. 9) is **GRANTED** in part and **DENIED** in part. Petitioner's request for status conference or for ruling on his motion for stay is **DENIED** as moot. However, petitioner is **GRANTED** a 60-day extension of time in which to file a traverse in reply to the return of writ and/or discovery motion. Any traverse or discovery motion shall be filed by

8

petitioner within sixty (60) days of the date of filing of this Order and Report and Recommendation.

2.  During the pendency of this action, the parties shall update and supplement the record before this Court with any rulings by the Ohio courts or any additional pleadings that are filed in the appeal from the April 2013 resentencing entry, which is currently pending before the Ohio Court of Appeals.

s/Stephanie K. Bowman
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

WILLIAM A. CAMPBELL,                                 Case No. 1:14-cv-13
      Petitioner,

      vs.                                              Barrett, J.
                                                     Bowman, M.J.
WARDEN, LONDON
CORRECTIONAL INSTITUTION,
      Respondent.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc