## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

WILLIAM CAMPBELL,

               Petitioner,      :      Case No. 1:14-cv-13

    - vs -                        District Judge Michael R. Barrett
                                        Magistrate Judge Michael R. Merz

WARDEN, London Correctional
  Institution,
                                  :

               Respondent.

## DECISION AND ORDER DENYING MOTION FOR STAY

On December 30, 2014, the Magistrate Judge granted Petitioner's Motion for Discovery and set a discovery completion deadline of March 31, 2015 (Order, Doc. No. 32). Respondent has filed Objections to that Order (Doc. No. 33).

The factors traditionally considered in deciding whether to stay a final judgment in a habeas corpus case are

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Gillispie v. Timmerman-Cooper*, 2011 U.S. Dist. LEXIS 147841 at *2 (S.D. Ohio Dec. 22, 2011), *quoting* Hilton v. Braunskill, 481 U.S. 770, 776-777 (1987), *citing* 11 C. Wright & A. Miller, Federal Practice and Procedure § 2904 (1973). The parties have assumed without discussing that the same standards apply to an interlocutory appeal from a magistrate judge's order to a District Judge on a non-dispositive motion (Motion, Doc. No. 37, PageID 2830);

(Response, Doc. No. 38, PageID 2834).  The same interests would seem to be involved and the Magistrate Judge will therefore apply *Hilton* to the instant Motion.

1. **Strong Likelihood of Success on the Merits**

The Warden argues this first *Hilton* factor in terms of his likelihood of success on the ultimate merits of the case (Motion, Doc. No. 37, PageID 2830).  The relevant question, however, is how likely the Respondent is to prevail on the pending objections to/appeal of the discovery order.  In turn, the Warden has argued those objections as if review were de novo, i.e, discovery should not be granted for the following reasons.

However, the grant of discovery in a habeas corpus case is a matter of discretion.  A habeas petitioner is not entitled to discovery as a matter of course, but only upon a fact-specific showing of good cause and in the Court's exercise of discretion.  Rule 6(a), Rules Governing § 2254 Cases; *Bracy v. Gramley*, 520 U.S. 899 (1997); *Harris v. Nelson*, 394 U.S. 286 (1969); *Byrd v. Collins*, 209 F.3d 486, 515-16 (6th Cir. 2000).  By referring this and other habeas corpus cases to the Magistrate Judges, the District Judges of this Court have delegated the exercise of discretion in those cases to the Magistrate Judges.

When a magistrate judge in deciding a nondispositive matter is exercising the discretion granted the court under either statute of rules, review is for abuse of discretion.  *Snowden v. Connaught Laboratories*, 136 F.R.D. 694, 697 (D. Kan. 1991); *Detection Systems, Inc. v. Pittway Corp.*, 96 F.R.D. 152, 154 (W.D.N.Y. 1982); *Doe v. Marsh,* 899 F. Supp. 933, 934 (N.D.N.Y. 1995); *Commodity Futures Trading Comm'n v. Standard Forex, Inc.,* 882 F. Supp. 40, 42 (E.D.N.Y. 1995); *Bass Public Ltd. Co. v. Promus Cos., Inc.*, 868 F. Supp. 615, 619

(S.D.N.Y. 1994); *In re Application for Order for Judicial Assistance in Foreign Proceedings,* 147 F.R.D. 223, 225 (C.D. Cal. 1993), *overruled by Advanced Micro Devices, Inc. v. Intel Corp.*, 292 F.3d 664 (9th Cir. 2002); *Schrag v. Dinges,* 144 F.R.D. 121, 123 (D. Kan. 1992).

"An abuse of discretion occurs if the district court relies on clearly erroneous findings of fact, applies the wrong legal standard, misapplies the correct legal standard when reaching a conclusion, or makes a clear error of judgment." *In re Whirlpool Corp. Front-Loading Washer Prods. Liability Litig.*, 678 F.3d 409, 416 (6th Cir. 2012). An abuse of discretion occurs when (1) the district court's decision is based on an erroneous conclusion of law, (2) the district court's findings are clearly erroneous, or (3) the district court's decision is clearly unreasonable, arbitrary, or fanciful. *Badalementi v. Dunham's, Inc.*, 896 F.2d 1359, 1362 (Fed. Cir. 1990)(applying Sixth Circuit law); *Beil v. Lakewood Engineering,* 15 F.3d 546 (6th Cir. 1994); *Southward v. South Central Ready Mix Supply Corp.*, 7 F.3d 487, 492 (6th Cir. 1993).  An appellate court will reverse for abuse of discretion only if it is left with a definite and firm conviction that the trial court committed a clear error of judgment. *Bowling v. Pfizer, Inc.,* 102 F.3d 777, 780 (6th Cir. 1996); *Logan v. Dayton Hudson Corp.*, 865 F.2d 789, 790 (6th Cir. 1989).

Respondent has not attempted to show an abuse of discretion in the Order granting discovery.  He has argued that it is error to grant discovery on claims that are procedurally defaulted, but there has been no adjudication of a procedural default in this case.  He has argued that it is unlikely the sought discovery will be material, but the Order explains why it may be. The Order also notes that the discovery is not overly burdensome.  The tangible evidence sought is readily available to the State and the only depositions permitted are those of Petitioner's former counsel who are in a unique position to have material facts about their representation. The Order balances the possible materiality of the evidence sought with the burden of the

discovery.  Respondent has not shown how that constitutes an abuse of discretion.

2. **Irreparable Injury Absent a Stay**

Respondent argues it will be irreparably injured absent a stay because it will be required to expend resources in some unspecified amount which may be unnecessary if his Objections are sustained.  Responding to discovery is an ordinary expense of defending litigation.  A conclusory allegation about burden with no estimate of its extent is insufficient to show irreparable injury.

3. **Injury to the Other Parties**

The Court agrees with Respondent that, given the length of the imposed prison term in this case, a stay pending appeal will not substantially injure the Petitioner.

4. **The Public Interest**

Respondent argues "[c]ertainly the public interest is served by Respondent being able to receive review by the District Judge before having to expend resources toward discovery in a habeas case." (Motion, Doc. No. 37, PageID 2831.)  Petitioner responds that the public interest is served by an "expeditious judicial system." (Response, Doc. No. 38, PageID 2837.)

It is surely in the public interest to avoid expending taxpayer funds uselessly.  However, Respondent has made no showing that the cost to the taxpayers of providing the discovery is substantially more than the cost of litigating the Objections.  Certainly Respondent has a statutory interest in review of the Order by a District Judge, but he does not suggest that that will

be costless or that some important matter of principle is involved regardless of cost. Just because Respondent has a statutory right to appeal does not mean that it is in the public interest for Respondent to exercise that right in this case.

**Conclusion**

Based on the foregoing analysis, the Respondent has not proven his entitlement to a stay. The Motion for Stay is DENIED.

February 2, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge