# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

WILLIAM CAMPBELL,

                    Petitioner,            :     Case No. 1:14-cv-13

     - vs -                           District Judge Michael R. Barrett
                                      Magistrate Judge Michael R. Merz

WARDEN, London Correctional
  Institution,

                              :
                    Respondent.

# DECISION AND ORDER ON POST-DISCOVERY MOTION TO EXPAND THE RECORD

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's Motion to Expand the Record, filed after completion of discovery (ECF No. 52) which Respondent opposes (ECF No. 55) and in support of which Petitioner has filed a Reply (ECF No. 57).

A motion to expand the record is a non-dispositive pre-trial motion within the decisional authority of a Magistrate Judge in the first instance.

Campbell pleads the following grounds for relief:

> **First Claim for Relief:** Petitioner's rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and *Miranda v. Arizona*, 384 U.S. 436 (1966) were violated when evidence of Defendant's post-*Miranda* silence was admitted into evidence during the state's case-in-chief.

> **Second Claim for Relief:** The trial court committed prejudicial error contrary to the double jeopardy clause of the United States Constitution when it sentenced Petitioner to consecutive terms of

imprisonment for OVI and OVI-based aggravated vehicular homicide.

**Third Claim for Relief:** The state committed numerous discovery violations in violation of Petitioner's rights to due process and a fair trial as provided under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

**Fourth Claim for Relief:** Statements made by the prosecutor constituted prosecutorial misconduct thereby denying Petitioner a fair trial and due process of law under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.

**Fifth Claim for Relief:** Trial counsel rendered ineffective assistance during trial in violation of Petitioner's rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

**I.** Trial counsel failed to object to the numerous *Doyle* violations.

**II.** Trial Counsel rendered deficient performance, to Campbell's prejudice, during trial by failing to use available exculpatory/impeachment evidence and by failing to investigate the evidence.

> **A.** Rear view mirror evidence not presented.

> **B.** Testimony and statements regarding the sweater/jacket worn by Hayes not supported by the evidence.

> **C.** State expert testified beyond scope of expertise without objection.

> **D.** Evidence regarding chest injuries was not presented.

> **E.** Evidence explaining knee injuries was not presented.

> **F.** Evidence explaining blood on the glove box was not presented.

> **G.** Evidence regarding location of shoes was not presented.

**H.**     Evidence regarding the position of Hayes' body was not presented.

**I.**     Trial counsel failed to properly challenge the testimony of the state's expert and failed to properly utilize the defense's expert.

**III**.     Trial counsel failed to obtain and investigate time-stamped photos and autopsy photos.

**IV.**     Trial counsel failed to object to the prosecutorial misconduct.

**Sixth Claim for Relief:**     Ineffective assistance of Appellate counsel in violation of Petitioner's rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

**I.**     Appellant's rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and *Miranda v. Arizona*, 384 U.S. 436 (1966) were violated when evidence of Appellant's post-*Miranda* silence was admitted into evidence during the state's case-in-chief, and trial counsel rendered ineffective assistance of counsel in violation of Appellant's rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and Sections 10 and 16, Article I of the Ohio Constitution by not objecting to the admission of the evidence.

**II.**     The trial court committed prejudicial error when it sentenced Appellant to consecutive terms of imprisonment when it sentenced Appellant to consecutive terms of imprisonment for allied offenses of similar import.

**III.**     The state committed numerous discovery violations in violation of Appellant's rights to due process and a fair trial as provided under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and Sections 10 and 16, Article I of the Ohio Constitution, and trial counsel rendered ineffective assistance by failing to object to the discovery violations in violation of Appellant's rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and Sections 10 and 16, Article I of the Ohio Constitution.

**IV.**     Statements made by the prosecutor constituted prosecutorial misconduct thereby denying Appellant a fair trial and due process of law under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution, and Sections 10

and 16, Article I of the Ohio Constitution, and trial counsel rendered ineffective assistance by failing to object to the prosecutorial misconduct in violation of Appellant's rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and Sections 10 and 16, Article I of the Ohio Constitution.

**V**.      Trial counsel rendered ineffective assistance during trial in violation of Appellant's rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and Sections 10 and 16, Article I of the Ohio Constitution.

**Seventh Claim for Relief:**  The convictions against Petitioner constitute a denial of due process because they are based on legally insufficient evidence and because Petitioner is actually innocent of the charges against him.

(Petition, ECF No. 1, PageID 2-5.)


**Procedural History in the Ohio Courts**


In a single-vehicle crash on October 1, 2008, Tina Hayes was killed and Petitioner William Campbell was injured.  A Hamilton County grand jury indicted Campbell on two counts of aggravated vehicular homicide in violation of Ohio Revised Code § 2903.06(A)(1)(b) and one count in violation of Ohio Revised Code § 2903.06(A)(1)(a)(Counts 1, 2, and 5), two counts of operating a motor vehicle under the influence of alcohol, a drug of abuse, or a combination thereof, in violation of Ohio Revised Code § 4511.19(A)(1)(3) and § 4511.19(A)(1)(f), respectively Counts 3 and 4; and one count of failure to comply with the order or signal of a police officer in violation of Ohio Revised Code § 2921.331(B)(Count 6).

A trial jury returned guilty verdicts on the first five counts, but not guilty on Count 6. After his motion for new trial was denied, Campbell appealed to the First District Court of

Appeals raising four assignments of error which were all overruled.[1]  *State v. Campbell,* Case No. C-090875 (1st Dist. Mar. 4, 2011)(unreported, copy at State Court Record, ECF No. 8-3, PageID 505, et seq.)  The Ohio Supreme Court declined to exercise jurisdiction over a subsequent appeal.  *State v. Campbell*, 128 Ohio St. 3d 1558 (2011).

Campbell filed *pro se* a petition for post-conviction relief under Ohio Revised Code § 2953.21. Judge Winkler denied the petition, holding that Campbell's claims of ineffective assistance of trial counsel could have been raised on direct appeal (Entry, State Court Record, ECF No. 8-4, PageID 673).  Campbell appealed, but the appeal was dismissed for lack of a final appealable order in that Judge Winkler had not filed findings of fact and conclusions of law. *State v. Campbell,* Case No. C-100705 (1st Dist. Aug. 3, 2011)(unreported, copy at State Court Record, ECF No. 8-4, PageID 723-25).  Campbell filed a second post-conviction petition which the trial court also denied.  The First District affirmed.  *State v. Campbell,* Case No. C-120016 (1st Dist. Jun. 29, 2012)(unreported, copy at ECF No. 8-4, PageID 872-74).  The Ohio Supreme Court declined to exercise jurisdiction over an appeal.  *State v. Campbell,* 133 Ohio St. 3d 1414 (2012).

On May 31, 2011, Campbell filed an application under Ohio R. App. P. 26(B) to re-open his direct appeal on eighteen asserted grounds of ineffective assistance of appellate counsel. Campbell sought twice to supplement the Application, but the court of appeals disallowed the supplements.  The First District granted reopening only on the first omitted assignment of error and eventually granted partial relief, remanding for resentencing.  After receiving an aggregate sentence of twenty years on remand, Campbell again appealed but the First District affirmed. *State v. Campbell*, Case No. C-130251 (1st Dist. May 16, 2014)(unreported, copy at ECF No. 13-1, PageID 2271-74).  The Ohio Supreme Court again declined jurisdiction.  *State v. Campbell*,

---

[1]The First District *sua sponte* noted inconsistencies in the sentencing entry and remanded for correction.

140 Ohio St. 3d 1441 (2014). Campbell then filed his Petition for Writ of Habeas Corpus in this

Court on January 3, 2014.

# ANALYSIS

**General Standard for Expansion of the Record**

Expansion of the record beyond what comes from the state courts is governed by Rule 7

of the Rules Governing § 2254 Cases which provides in pertinent part:

> **(a) In General**. If the petition is not dismissed, the judge may
> direct the parties to expand the record by submitting additional
> material related to the petition. The judge may require that these
> materials be authenticated.

> **(b) Types of Materials.** The materials that may be required
> include letters predating the filing of the petition, documents,
> exhibits, and answers under oath to written interrogatories
> propounded by the judge. Affidavits may also be submitted and
> considered as part of the record.

**Petitioner's Motion**

As authority for expansion of the record here, Petitioner cites a number of cases predating

adoption of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110

Stat. 1214)(the "AEDPA")[2]. When Rule 7 was adopted in 1976, the Advisory Committee

viewed expansion of the record as an intermediate step between a pre-hearing dismissal and an

evidentiary hearing, eliminating the need for such a hearing in many cases. 1976 Advisory

---

[2] The Court is surprised by Petitioner's claim in citing *Dobbs v. Zant*, 506 U.S. 357 (1993), for the proposition that
"because this is a capital case, having a complete record is important.." This is not and has never been a capital
case.

Committee Note.  The Rules Committee quoted *Harris v. Nelson*, 394 U.S. 286 (1969), as authorizing expansion of the record for that purpose.

While the AEDPA did not address expansion of the record directly, it is doubtful how persuasive pre-AEDPA authority is on the question of expanding the record.  For example, Petitioner cites *Jones v. Parke*, 734 F.2d 1142, 1148 (6th Cir. 1984), for the proposition that "[w]hen material facts are not adequately developed for review, 'the federal district court has a duty to expand the record to include omitted material or to hold an evidentiary hearing.'" (Motion, ECF No. 52, PageID 3847, quoting *Jones* at 1148.)  That is consistent with the stated purpose of Rule 7 in 1976 and in an era when the federal courts were generally open to new evidence in habeas cases.

Habeas jurisprudence changed with the adoption of the AEDPA which directly addresses evidentiary hearings and provides in 28 U.S.C. § 2254(e)(2):

> **(2)** If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
> **(A)** the claim relies on—
>
> **(i)**
> a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> **(ii)**
> a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> **(B)** the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

In *Michael Williams v. Taylor*, 529 U.S. 420 (2000), the Court unanimously rejected a strict

liability interpretation of § 2254(e)(2) and held that the "failure to develop" language required proof of some fault on petitioner's part.

Even under AEDPA this Court had been liberal in granting evidentiary hearings, especially in capital cases.  But then the Supreme Court decided in *Cullen v. Pinholster,* 563 U.S. 170 (2011), that a federal court's review of a state court decision under 28 U.S.C. § 2254(d)(1) is strictly limited to review of the state court record, and that evidence acquired through use of an evidentiary hearing may not be considered.  *Id.* at 182.  The Supreme Court further stated that section 2254(e)(2) only "continues to have force where Section 2254(d)(1) does not bar federal habeas relief."  *Id.* at 185.

The limitations in *Pinholster* apply to expansion of the record as well as to evidentiary hearings.  *Moore v. Mitchell*, 708 F.3d 760, 780-784 (6th Cir. 2013).  *Moore* also holds this restriction applies even if the record is expanded on a joint motion, and agreement to such a motion does not waive the State's objection under *Pinholster*.  Thus cases like *Jones v. Parke* can no longer be read to allow expansion of the record where an evidentiary hearing would not be allowed.

Campbell asserts that his diligent efforts to develop evidence in the state courts take him outside the *Pinholster* holding because the state courts deprived him of the opportunity to develop evidence. He asserts that "when state court procedures are inadequate" and are "fundamentally unfair and violate[] due process by failing to provide a petitioner with an avenue for fact development," *Pinholster* does not apply to bar new evidence  (Motion, ECF No. 52, PageID 3853).  He lists the following efforts he made to develop facts:

1. Hiring an accident reconstructionist pre-trial, but failing to present the report at trial.  The failure to present is allegedly excused by ineffective assistance of trial counsel. *Id.*  at PageID 3850).

2.      Denial of requested evidentiary hearing in connection with petitions for post-conviction relief. *Id.*

3.      Denial of an evidentiary hearing in connection with his Application for Reopening under Ohio R. App. P. 26(B). *Id.* at PageID 3851.

4.      Denial of funds to hire an accident reconstructionist in post-conviction. *Id.*

As authority for the proposition that state procedures which frustrate federal rights create a bypass of *Pinholster*, Petitioner cites the pre-*Pinholster* decision in *Panetti v. Quarterman*, 551 U.S. 930 (2007). *Panetti's* holding is narrower. There the Court held that Justice Powell's concurrence in *Ford v. Wainright*, 477 U.S. 399 (1986), "constitutes 'clearly established' law for the purposes of § 2254 and sets the minimum procedures a State must provide to a petitioner raising a *Ford*-based competency claim[3]." There is of course no such claim in this case and Campbell cites no authority for a broader reading of *Panetti*.

Petitioner also asserts that "no deference should be afforded state appellate court's credibility assessments" when they are based "entirely upon a paper record." (Motion, ECF No. 52, PageID 3854, relying on *Cabana v. Bullock,* 474 U.S. 376 (1986), and *Johnson v. Armontrout,* 961 F.2d 748 (8th Cir. 1992)[4]. In *Cabana* the Supreme Court was reviewing an *Enmund v. Florida* claim[5] and held the requisite intent under *Enmund*, a question of fact, did not have to be decided by a jury.

> Rather, the court must examine the entire course of the state-court proceedings against the defendant in order to determine whether, at some point in the process, the requisite factual finding as to the defendant's culpability has been made. [footnote omitted] If it has, the finding must be presumed correct by virtue of 28 U. S. C. § 2254(d), see *Sumner v. Mata,* 449 U.S. 539 (1981), and unless

---

[3] That is, a claim that a person is mentally incompetent to be executed.

[4] Campbell mistakenly cites this case as "*Campbell v. Armontrout*."

[5] In *Enmund v. Florida*, 458 U.S. 782 (1982), the Supreme Court held "that the Eighth Amendment forbids imposition of the death penalty on 'one . . . who aids and abets a felony in the course of which a murder is committed by others but who does not himself kill, attempt to kill, or intend that a killing take place or that lethal force will be employed.'" *Cabana*, at 378, citing *Enmund*, at 797.

the habeas petitioner can bear the heavy burden of overcoming the presumption, the court is obliged to hold that the Eighth Amendment as interpreted in *Enmund* is not offended by the death sentence.

*Cabana* at 387-88.  The full footnote 5 on which Petitioner relies reads:

> *Sumner*, of course, establishes that the presumption [of correctness of state court findings of fact] applies to facts found by appellate as well as trial courts. 449 U.S., at 545-547. There might be instances, however, in which the presumption would not apply to appellate factfinding regarding the *Enmund* criteria because appellate factfinding procedures were not "adequate," see 28 U. S. C. § 2254(d)(2). For example, the question whether the defendant killed, attempted to kill, or intended to kill might in a given case turn on credibility determinations that could not be accurately made by an appellate court on the basis of a paper record, cf. *Anderson v. Bessemer* City, 470 U.S. 564, 575 (1985); *Wainwright v. Witt*, 469 U.S. 412, 429 (1985). The possibility that such cases falling within the § 2254(d)(2) exception may exist, however, does not excuse the habeas court of its obligation to examine the entire state process to determine whether the *Enmund* findings have been made, for it is by no means apparent that appellate factfinding will always be inadequate. For example, in some cases it may be possible to determine the *Enmund* issue adversely to the defendant even if credibility issues and other ambiguities in the record are resolved in his or her favor. See, e. g., *Ross v. Kemp*, 756 F.2d 1483, 1488-1490 (CA11 1985). We shall not now attempt to determine what factfinding procedures would be adequate in the particular case before us, for, as we shall see, the state courts have not yet purported to engage in the requisite factfinding, and we decline to decide the hypothetical question of the adequacy of that which has not yet occurred.

*Cabana* at 388 (parallel citations omitted).

*Johnson v. Armentrout* also does not stand for the proposition for which it is cited.

Referring to the pre-AEDPA version of 28 U.S.C. § 2254(d)(3), it held that a "factfinding. . . should not be presumed to be correct when 'the material facts were not developed at the State court hearing.'" 961 F.2d at 753, quoting the statute.

Campbell argues *Pinholster* does not apply to prevent consideration of new evidence to

10

show cause and prejudice or to show actual innocence to excuse a procedural default (ECF No. 52, PageID 3855).  This Court agrees.  *Pinholster* only addresses admission of new evidence on the question to be decided under 28 U.S.C. § 2254(d)(1) and (2).

Campbell also argues *Pinholster* does not apply to claims not adjudicated on the merits in state court (Motion, ECF No. 52, PageID 3856, citing *Cunningham v. Hudson*, 756 F. 3d 477 (6th Cir. 2014).  *Cunningham* at least supports the proposition that a federal habeas court can consider evidentiary matter not before the state courts in deciding whether a claim is exhausted or procedurally defaulted.

Campbell further asserts that *Pinholster* does not bar admission of additional evidence in federal court when that court has already found against the State on the § 2254(d)(1) question (Motion, ECF No. 52, PageID 3856-57, citing *Lang v. Bobby*, No. 5:12 CV 2923, 2014 WL 5393574, *3 (N.D. Ohio Oct. 23, 2014); *Williams v. Houk*, No. 4:06 CV 451, 2012 WL 6607008, *5 (N.D.Ohio Dec. 18, 2012); and *Harris v. Haeberlin*, 752 F.3d 1054, 1057–58 (6th Cir. 2014). That is an accurate reading of *Harris*, but this Court has not yet decided whether the state court decision on any claim violates § 2254(d)(1).

Campbell then incorporates his arguments on the § 2254(d)(1) question from his Petition and Traverse and also summarizes those arguments.(Motion ECF No. 52, PageID 3857-60).

In Section IV of his Motion, Campbell discusses at length the relevance of the new evidence to his habeas grounds for relief (Motion, ECF No. 52, PageID 3861-89).  However, he does not distinguish between new evidence relevant on the merits and evidence relevant for other purposes.

**Respondent's Opposition**

The Warden opposes expansion of the record as to all of the evidence tendered by Campbell (ECF No. 55). Most of respondent's 111-page memorandum is devoted to dealing with the evidence on a claim-by-claim basis. *Id.* at PageID 3975-4065. In general, however, Respondent argues that the same restrictions which apply to evidentiary hearings under AEDPA also apply to expansions of the record. *Id.* at 3972, citing *Boyko v. Parke*, 259 F.3d 781 (7th Cir. 2001), and *Holland v. Jackson*, 542 U.S. 649 (2004). This Court agrees and notes that the Sixth Circuit has expressly held that the limitations in *Pinholster* apply to expansion of the record as well as to evidentiary hearings. *Moore v. Mitchell*, *supra*.

Secondly, the Warden notes that the statute itself, 28 U.S.C. § 2254(e)(2) precludes an evidentiary hearing if a petitioner is at fault in failing to develop the factual basis of a claim in State court proceedings unless the petitioner shows (1) the evidence could not, with due diligence, have been discovered earlier and (2) the facts establish (to a clear and convincing level) that no reasonable factfinder would have found petitioner guilty. Respondent asserts Campbell is at fault in a number of ways in failing to develop the evidence. (Motion, ECF No. 55, PageID 3974-75.)

Third, the Warden notes that even if Campbell satisfies § 2254(e)(2) and is not disqualified from an evidentiary hearing or expansion of the record, the Habeas Rules accord discretion to the district court in deciding whether to grant expansion or a hearing. For example, the Court could decide not to consider the expert report of Jack Holland without satisfactory proof that he satisfies the standard of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), or without cross-examination.

**Petitioner's Reply Memorandum**

In his Reply Memorandum, Campbell devotes two pages to refuting the claim he was at fault in failure to develop evidence in the state courts (Reply Memo, ECF No. 57, PageID 4072-73.)  The balance of the Reply Memo responds on a claim-by-claim basis to the Warden's Memorandum in Opposition. *Id.*  at PageID 4073-4101.

# ANALYSIS

Given the way the parties have briefed the Motion, the analysis will proceed on a claim-by-claim basis.

**First Claim for Relief:  Violation of *Doyle v. Ohio***

In his First Claim for Relief, Petitioner asserts his rights under the Fifth and Fourteenth Amendments were violated when his post-*Miranda* warning silence was used against him at trial. Respondent argues this claim is procedurally defaulted by Campbell's failure to fairly present it to the Ohio courts in a number of respects (Return, ECF No. 8, PageID 177).  If the claim is procedurally defaulted, then there is no reason to permit expansion of the record in order to flesh out Campbell's first claim for relief.  Thus, a discussion of the doctrine of procedural default is in order.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000).  That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982).  Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.  *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986);  *Engle*, 456 U.S. at 110;  *Wainwright*, 433 U.S. at 87.  *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963).  *Coleman*, 501 U.S. at 724.

"A claim may become procedurally defaulted in two ways." *Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013), *quoting Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). First, a claim is procedurally defaulted where state-court remedies have been exhausted within the meaning of § 2254, but where the last reasoned state-court judgment declines to reach the merits because of a petitioner's failure to comply with a state procedural rule. *Id*. Second, a claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule. *Id*.

Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright*. *Murray*, 477 U.S. at 485; *Mapes v. Coyle,* 171 F.3d 408, 413

(6th Cir. 1999); *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94, 97

(6th Cir.), *cert denied,* 474 U.S. 831 (1985). Failure to present an issue to the state supreme court

on discretionary review also constitutes procedural default. *O'Sullivan v. Boerckel*, 526 U.S.

838, 848 (1999)(citations omitted); see also Deitz v. Money, 391 F.3d 804, 808 (6th Cir. 2004)

("A federal court is also barred from hearing issues that could have been raised in the state

courts, but were not[.]"). The corollary to this rule is that where a petitioner raised a claim in the

state court but in violation of a state's procedural rule, a state court must expressly reject the

claim on that procedural ground for a federal court to deem the claim defaulted. *See Williams v.*

*Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (noting that a state court's expressed rejection of a

petitioner's claim on procedural basis and petitioner's complete failure to raise a claim in state

court are the two ways a claim can be in procedural default).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a

habeas claim is precluded by procedural default. *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir.

2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d

345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord*

*Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir.

2001).

> First the court must determine that there is a state procedural rule
> that is applicable to the petitioner's claim and that the petitioner
> failed to comply with the rule.
> . . . .
> Second, the court must decide whether the state courts actually
> enforced the state procedural sanction, citing *County Court of*
> *Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60
> L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture
> is an "adequate and independent" state ground on which the state
> can rely to foreclose review of a federal constitutional claim.

> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).

In his Reply Memorandum, Campbell "incorporates by reference[6] his previous arguments as to why the Warden is mistaken [about procedural default], and why this Court can consider the merits of this claim." (ECF No. 57, PageID 4073, citing Traverse, ECF No. 16, PageID 2286-92 and Motion to Expand, ECF No. 52, PageID 3855-56.)

In the Traverse and indeed in his Petition, Campbell admits three procedural defaults on this claim, to wit, that his trial counsel did not object on any one of the three occasions when Corporal Shepherd testified that Campbell invoked his *Miranda* rights and did not speak to Shepherd (Traverse, ECF No. 16, PageID 2286). Campbell likewise concedes this claim was not raised on direct appeal, nor did appellate counsel raise as an assignment of error that it was ineffective assistance of trial counsel to fail to object. *Id.*

Campbell however asserts the claim was fairly presented on the merits by including it in a January 20, 2012, supplement to his Application for Reopening under Ohio App. R. 26(B) which he asserts was still pending before the First District Court of Appeals when he filed the supplement (Motion to Expand, ECF No. 52, PageID 3856).

The record shows Campbell filed his 26(B) Application *pro se* on May 31, 2011 (Return, ECF No. 8-5, PageID 915). Campbell filed a first Motion to Supplement on November 28, 2011.

---

[6] While incorporation by references of lengthy segments of prior filings is not expressly prohibited by the local rules, it is a cumbersome way to make an argument, requiring the Court to look from one prolix filing (ECF No. 57 – 33 pages) to two other prolix pleadings (ECF No. 52 – 48 pages – and ECF No. 16 – 90 pages.)

*Id.* at PageID 994.  The Supplement on which he now relies was filed January 20, 2012. *Id.*  at

PageID 1004.  He recognized that he faced a procedural hurdle in supplementing the 26(B)

Application because he was well past the deadline for doing so and he sought to excuse the late

filing.  *Id.*  at PageID 1004-05.[7]  The assignments of error allegedly omitted as a result of the

ineffective assistance of appellate counsel were (1) error in admitting the post-*Miranda* silence

and (2) error in not raising trial attorney ineffectiveness in not objecting.  *Id.*  at PageID 1006.  In

a single entry on February 27, 2012, the First District overruled both motions to supplement,

stating only ""the motions are not well taken and are overruled."  (ECF No. 8-5, PageID 1021).

On the same day, it granted in part the original *pro se*  26(B) Application. *Id.*  at PageID 1022, *et*

*seq*.  Campbell was permitted reopening on his claim that several of his convictions were for

allied offenses of similar import and should have been merged under Ohio Revised Code §

2941.25. *Id.*  All other omitted assignments of error were found to be without merit.

The first procedural default at issue is trial counsel's failure to object on any one of the

three occasions when Corporal Shepherd mentioned that Campbell had invoked his right to an

attorney and was not interviewed.  Ohio's contemporaneous objection rule — that parties must

preserve errors for appeal by calling them to the attention of the trial court at a time when the

error could have been avoided or corrected, set forth in *State v. Glaros*, 170 Ohio St. 471 (1960),

paragraph one of the syllabus; *see also State v. Mason*, 82 Ohio St. 3d 144, 162 (1998) — is an

adequate and independent state ground of decision. *Wogenstahl v. Mitchell*, 668 F.3d 307, 334

(6th Cir.  2012),*citing Keith v. Mitchell*, 455 F.3d 662, 673 (6th Cir. 2006); *Goodwin v. Johnson*,

632 F.3d 301, 315 (6th Cir. 2011); *Smith v. Bradshaw*, 591 F.3d 517, 522 (6th Cir. 2010); *Nields*

*v. Bradshaw*, 482 F.3d 442 (6th Cir.  2007); *Biros v. Bagley,* 422 F.3d 379, 387 (6th Cir. 2005);

---

[7] The second Supplement was filed on Campbell's behalf by Kort Gatterdam and Erik Henry, the same retained
counsel who represent him in this habeas corpus proceeding.  Prior filings related to the 26(B) proceeding had been
filed *pro se* .

*Mason v. Mitchell*, 320 F.3d 604 (6th Cir. 2003), *citing  Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000), *citing Engle v. Isaac,* 456 U.S. 107, 124-29 (1982).  Thus what we may call the root claim – error in admitting post-*Miranda* silence is procedurally defaulted by trial counsel's failure to object.

The second level error – ineffective assistance of trial counsel for failure to object – is a matter of record and therefore under Ohio's criminal *res judicata* doctrine was required to be raised on direct appeal rather than in post-conviction.  *State v. Perry,* 10 Ohio St. 2d 175 (1967). The claim was not raised on direct appeal, leading to the third level claim that appellate counsel was ineffective for failure to raise the ineffective assistance of trial counsel claim on direct appeal.

Ohio has a procedure for raising claims of ineffective assistance of appellate counsel, to wit, an application for reopening under Ohio R. App. P. 26(B).  That rule is itself subject to a number of procedural limitations, the most important of which is that the 26(B) Application must be filed within ninety days of the filing of the appellate judgment sought to be reopened. Campbell filed his 26(B) Application May 31, 2011, including eighteen omitted assignments of error (ECF No. 8-5, PageID 915, *et seq.*)  That application was timely because the judgment had been entered March 4, 2011. *State v. Campbell,* Case No. C-090875 (1st Dist. Mar. 4, 2011)(unreported, copy at State Court Record, ECF No. 8-3, PageID 505, et seq.)  However, neither Campbell's *pro se*  Motion to Supplement filed November 28, 2011, nor the Supplement filed by counsel on January 20, 2012, was timely; the Motion was 179 days late and the Supplement was 232 days late.

The time limitation in Ohio R. App. P. 26(B) is an adequate and independent ground of decision.  *Hoffner v. Bradshaw*, 622 F.3d 487, 504-505 (6th Cir. 2010); *Landrum v. Mitchell,* 625

F.3d 905 (6th Cir. 2010); *Parker v. Bagley,* 543 F.3d 859 (6th Cir. 2008)(noting that *Franklin* was a capital case); *Scuba v Brigano*, 527 F.3d 479, 488 (6th Cir. 2007)(distinguishing holding in capital cases); *Monzo v. Edwards*, 281 F.3d 568 (6th Cir. 2002); *Tolliver v. Sheets*, 594 F.3d 900 (6th Cir. 2010), *citing Rideau v. Russell*, 2009 WL 2586439 (6th Cir. 2009). "Ohio law has provided sufficient guidance on what constitutes a 'good cause' for a late filing under Rule 26(B)," and "'the time constraints of Rule 26(B) [have been] firmly established and regularly followed.'" *Wogenstahl v. Mitchell*, 668 F.3d 307, 322 (6th Cir. 2012), *quoting Hoffner v. Bradshaw*, 622 F.3d 487, 504-05 (6th Cir. 2010) (*quoting Parker v. Bagley*, 543 F.3d 859, 861 (6th Cir. 2008)).

Petitioner argues the First District did not enforce the 26(B) timeliness rule against him, but in fact decided both the Motion to Supplement and the Supplement on the merits (Traverse, ECF No. 16, PageID 2287). This Court rejects that reading of the state court decision. The summary Entry overruling both those filings is a separate document from the Entry ruling on the merits filed the same day. In the merits entry, the First District discussed each of the omitted assignments of error and gave explanations of its decision, leading this Court to infer it intended to separate the procedural and merits decisions. Ohio R. App. P. 26(B) does not provide for supplementation at will just because the original application has not yet been decided. Where a state court is entirely silent as to its reasons for denying requested relief, as when the Ohio Supreme Court denies leave to file a delayed appeal by form entry, the federal courts assume that the state court would have enforced any applicable procedural bar. *Bonilla v. Hurley,* 370 F.3d 494, 497, citing *Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996).

If this Court were to take the opposite position and find that the first Entry of February 27, 2012, was a decision on the merits, it would not be of much help to Campbell. In making

that argument, he cites *Harrington v. Richter*, 562 U.S. 86, ___, 131 S. Ct. 770, 792 (2011).

After *Harrington*, when a state court decides on the merits a federal constitutional claim later

presented to a federal habeas court, the federal court must defer to the state court decision unless

that decision is contrary to or an objectively unreasonable application of clearly established

precedent of the United States Supreme Court.  28 U.S.C. § 2254(d)(1); *Harrington v. Richter*,

562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v.

Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor*, 529 U.S. 362, 379 (2000).

> Recognizing the duty and ability of our state-court colleagues to
> adjudicate claims of constitutional wrong, AEDPA erects a
> formidable barrier to federal habeas relief for prisoners whose
> claims have been adjudicated in state court. AEDPA requires "a
> state prisoner [to] show that the state court's ruling on the claim
> being presented in federal court was so lacking in justification that
> there was an error . . . beyond any possibility for fairminded
> disagreement." *Harrington v. Richter*, 562 U.S. ___, ___562 U.S.
> 86, 131 S. Ct. 770, 178 L. Ed. 2d 624, 641 (2011). "If this standard
> is difficult to meet"—and it is—"that is because it was meant to
> be." *Id*., at ___, 131 S. Ct. 770, 178 L. Ed. 2d 624, 641. We will
> not lightly conclude that a State's criminal justice system has
> experienced the "extreme malfunctio[n]" for which federal habeas
> relief is the remedy. *Id*., at ___, 131 S. Ct. 770, 178 L. Ed. 2d 624,
> 641 (internal quotation marks omitted).

*Burt v. Titlow*, 134 S. Ct. 10, 15-16 (2013).

If the First District is held to have decided the Supplement on its merits, what it decided

was that it was not ineffective assistance of appellate counsel to fail to raise on direct appeal the

claim that it was ineffective assistance of trial counsel to fail to object to the post-*Miranda*

silence testimony.  Campbell makes no argument on the merits of that claim here.  That is, he

does not attempt to show that the First District's posited merits decision was an objectively

unreasonable application of clearly established Supreme Court law, but any such attempt would

have failed.  On direct appeal Campbell raised four assignments of error, including manifest

weight and sufficiency arguments, as well as an ineffective assistance of trial counsel claim (Appellant's Brief, State Court, ECF No. 8-1, PageID 348). He was barred from raising the post-*Miranda* silence issue as a trial court error because trial counsel had failed to object on all three occasions and the failure could easily have been read by the First District as a matter of trial tactics, since the objection would have called the attention of the jury to the testimony. At the very least, Campbell has not shown that the First District's posited decision on the merits of this claim was an objectively unreasonable decision of that claim because there has been no showing that argument was stronger than the arguments actually made. *Henness v. Bagley*, 644 F.3d 308 (6th Cir. 2011), *citing Wilson v. Parker*, 515 F.3d 682, 707 (6th Cir. 2008). Counsel's failure to raise an issue on appeal amounts to ineffective assistance only if a reasonable probability exists that inclusion of the issue would have changed the result of the appeal. *Id.*, *citing Wilson.*

Campbell argues "[t]he 26(B) Application preserved the merits of the claim and not merely ineffective assistance of [appellate] counsel." (Traverse, ECF No. 16, PageID 2287). He infers this from the fact that the First District granted reopening on the allied offense issue. This argument turns 26(B) jurisprudence on its head. When the First District granted reopening on the one issue, Campbell was required to brief that issue, but only that issue, and the First District then decided that claim on the merits (See State Court Record, ECF No. 8-5, PageID 1022, 1064, 1109).

An Ohio App. Rule 26(B) application preserves for habeas review only the ineffective assistance of appellate counsel arguments, not the underlying substantive arguments. *Wogenstahl v. Mitchell*, 668 F.3d 307, 338 (6th Cir. 2012), *citing Lott v. Coyle*, 261 F.3d 594, 612 (6th Cir. 2001). "The *Lott* court explained that permitting an Ohio prisoner to raise a substantive claim in a Rule 26(B) motion 'would eviscerate the continued vitality of the procedural default

rule; every procedural default could be avoided, and federal court merits review guaranteed, by claims that every act giving rise to every procedural default was the result of constitutionally ineffective counsel.'" *Id.*

To summarize, Campbell defaulted his *Doyle v. Ohio* claim when his trial attorney did not object.  He forfeited his claim that trial counsel was ineffective when he did not raise that claim on direct appeal.  He forfeited his claim that appellate counsel was ineffective in not raising this specific ineffective assistance of trial counsel claim when he failed to timely include that ineffective assistance of appellate counsel claim in his 26(B) Application.  While ineffective assistance of counsel can excuse a procedural default, the ineffectiveness claim is itself subject to procedural default.  *Edwards v. Carpenter*, 529 U.S. 446 (2000).

As an alternative excuse for his procedural defaults, Campbell asserts that he is actually innocent (Traverse, ECF No. 16, PageID 2308-09; 2364-67).  As Campbell acknowledges, to establish actual innocence, a habeas petitioner "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). To satisfy the *Schlup* actual innocence "gateway" exception to procedural default, a petitioner must present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id*. at 324.

As noted above, the fatality in this case – that of Tina Hayes -- resulted from a one-car crash. The key issue in the case is whether Campbell or Hayes was driving.  Hayes and Campbell were eyewitnesses to the crash.[8]  Ms. Hayes died shortly after the accident and never made a statement.  Although his counsel assert Campbell has always claimed he was innocent, he also

---

[8] Another eyewitness, Corporal Robert Viner, reported that Campbell was driving.  (Return of Writ, State Court Record, ECF No. 28-2, PageID 2733.

declined to make a statement to the police or to testify at trial.  Thus the key issue must be decided on the basis of circumstantial evidence; there are no "trustworthy eyewitness accounts," much less any new ones.

In part, the "new evidence" on which Campbell relies is evidence obtained in discovery in this habeas proceeding:

1.  Autopsy photographs (filed at ECF Nos. 46 and 50) which are argued (Motion, ECF No. 52, PageID 3861-63) to be proof that Hayes was the driver (actual innocence) but also substantive proof that the State should have produced these photographs in discovery (Third Ground for Relief under *Brady v. Maryland*, 373 U.S. 83 (1963).)
2.  Time-stamped crash scene photographs which again are argued to be both *Brady* material and new evidence of actual innocence (Motion, ECF No. 52, PageID 3863-65).
3.  Other photographs provided by the Warden in discovery and allegedly supporting the actual innocence claim (Motion, ECF No. 52, PageID 3865-69).  These are not new evidence, but digital images of what was already presented at trial and included in the Return of Writ.
4.  Deposition of Hugh P. McCloskey, Jr., Campbell's trial attorney which is alleged to support Campbell's ineffective assistance of trial counsel claims (Motion, ECF No. 52, PageID 3869-80).
5.  Deposition of William R. Gallagher, Campbell's direct appeal attorney which is alleged to support Campbell's ineffective assistance of appellate counsel claims (Motion, ECF No. 52, PageID 3880-87).

Campbell also relies on the August 26, 2015, Accident Reconstruction Report of Jack Holland which is asserted to support Campbell's ineffective assistance of trial counsel claim and actual innocence (Motion, ECF No. 52, PageID 3887-89).

Standing alone, the additional photographs presented do not establish actual innocence sufficient to satisfy the *Schlup* gateway.  What the Court has before it are the photographs plus habeas counsel's argument about what the photographs show.  The Court accepts that the photographs are authentic, but counsel is not qualified to interpret them.  The Report of Mr. Holland is certainly relevant to the actual innocence claim, but is not acceptable standing alone: it is not sworn to and is uncross-examined hearsay.

23

The discussion above about the original intended relationship between expansion of the record and evidentiary hearings applies as well to actual innocence claims as to claims on the merits.  As the Supreme Court recognized in *Schlup*, in reaching the actual innocence conclusion, the habeas court may need to make credibility determinations.  *Schlup v. Delo,* 512 U.S. 298 (1995), adopting standard from *Murray v. Carrier*, 477 U.S. 478 (1986).  It also held in *Schlup* that the trial courts will be able to resolve the great majority of actual innocence claims routinely without any evidentiary hearing.  *Schlup, supra*.  But that is not the case here on the present state of the record.  To the extent Campbell seeks to expand the record on the question of actual innocence, the Motion is DENIED without prejudice to Campbell's offering some or all of these exhibits at an evidentiary hearing.

**Second Claim for Relief:  Double Jeopardy**

In his Second Claim for Relief, Campbell asserts the state courts violated his right not to be sentenced twice for the same crime, in violation of the Double Jeopardy Clause.  The Motion to Expand the Record does not argue for admission of any new evidence in support of this claim (Motion, ECF No. 52, PageID 3858-59.)

**Third Claim for Relief:  Violation of *Brady v. Maryland***

In his Third Claim for Relief, Campbell asserts that the time-stamped crime scene photographs and the additional autopsy photographs produced in discovery are *Brady* material (Motion ECF No. 52, PageID 3859).

Responding to the Warden's argument in the Return that this claim is procedurally defaulted, Campbell says he first raised it in a motion to amend his petition for post-conviction relief (Traverse, ECF No. 16, PageID 2292). At the referenced place in the record, Campbell says he "wishes to raise a violation of criminal rule # 16 and other prosecutorial misconduct." He discusses the use of one time-stamped photograph by the prosecutor in trial and then complains that he has not received that or any other time-stamped photograph.

Judge Winkler denied the post-conviction petition on the basis of *res judicata*. The First District found that was in error because the claim depended on evidence outside the record, but affirmed on the alternative basis that Campbell had not submitted sufficient evidentiary material to satisfy the requirements of Ohio Revised Code § 2953.21. *State v. Campbell*, Case No. C-120016 (1st Dist. Jun. 29, 2012)(unreported, copy at ECF No. 8-4, PageID 872 *et seq*.)

The Warden asserts that a claim under Ohio R. Crim. P. 16, even when coupled with an assertion of prosecutorial misconduct, is not sufficient to preserve a *Brady* claim. This Court disagrees. A specific reference to the Ohio criminal discovery rule where the prosecutor's obligations significantly overlap those imposed by *Brady*, is sufficient to call the constitutional question to a court's attention. However, this Court concludes the *Brady* claim as made in the Petition must be divided into three parts.

First, the *Brady* claim related to the photograph used in cross-examination is without merit. A photograph used with a witness in trial would, in the ordinary course of things, be shown to opposing counsel, satisfying the prosecutor's obligation.[9] In the absence of some proof to the contrary, the regularity of the trial proceedings must be presumed. Thus the photograph appears to have been shown to Mr. McCloskey. The fact that Campbell did not have a copy at

---

[9] Presumably the prosecutor did not believe that particular photograph was exculpatory because he used it as evidence in his case.

25

the time he filed his post-conviction petition does not demonstrate a *Brady* violation at all.

Second the *Brady* claim related to the other time-stamped photographs is unexhausted because it has not yet been presented to the Ohio courts but could still be presented in a motion for leave to file a delayed motion for new trial.

Finally, the *Brady* claim related to the autopsy photographs appears never to have been presented to the Ohio courts and is therefore also unexhausted on the same basis as the second category.

The Motion to Expand the Record as it relates to the merits of the Third Claim for Relief is DENIED without prejudice to its renewal after exhaustion.

**Fourth Claim for Relief:  Prosecutorial Misconduct**

In his Fourth Claim for Relief, Campbell asserts that certain statements by the prosecutor at trial constitute misconduct.  Campbell does not appear to seek expansion of the record with respect to the merits of this claim (See Motion, ECF No. 52, PageID 2295).

**Fifth Claim for Relief:  Ineffective Assistance of Trial Counsel**

The only evidence Campbell seeks to add to the record on this claim for relief is the deposition of trial attorney McCloskey (Motion, ECF No. 52, PageID 3869).

**Sub-claim I:  Failure to object to the *Doyle v. Ohio* violations**

For the reasons given above with respect to the First Claim for Relief, this sub-claim is procedurally defaulted unless Campbell can establish actual innocence at an evidentiary hearing.

**Sub-claims II, III, and IV: Ineffective assistance of trial counsel during trial and in his investigation**.

These sub-claims were decided on the merits by the Ohio courts.  Therefore adding McCloskey's deposition to the record would violate *Pinholster*.  The Motion to Expand as to the deposition of McCloskey is therefore DENIED.

**Sixth Claim for Relief:  Ineffective Assistance of Appellate Counsel**

In his Sixth Claim for Relief, Campbell asserts he received ineffective assistance of appellate counsel from appellate attorney William Gallagher when he failed to plead assignments of error alleging (1) the *Doyle v. Ohio* violations, (2) violation of Ohio Revised Code § 2941.25 in imposing consecutive sentences, (3) trial counsel's ineffective assistance in failing to object to discovery violations, (4) prosecutorial misconduct, and (5) ineffective assistance of trial counsel in some other unspecified way.

The only evidence that Campbell wishes to add to the record on this claim is the deposition of his appellate attorney, William Gallagher (Motion, ECF No. 52, PageID 3879-87.)

Respecting the first sub-claim on the *Doyle v. Ohio* violations, for the reasons given in discussing the First Claim for Relief, this sub-claim is procedurally defaulted in the absence of adequate proof of actual innocence.

Respecting the second sub-claim, the Warden objects that Campbell has not shown that he fairly presented this claim to the Ohio courts (Memo in Opp, ECF No. 55, PageID 4048). Campbell responds by citing his Traverse (Reply Memo, ECF No. 57, citing ECF No. 16 at PageID 2356-57).  The First District did indeed reach the merits of this sub-claim and found

"appellate counsel was ineffective in falling to present Campbell's 1st proposed assignment of error, challenging, under R.C. 2941.25, the trial court's imposition of consecutive prison terms for each of two counts of aggravated vehicular homicide and a single count of operating a vehicle under the influence of alcohol." *State v. Campbell*, Case No. C-090895 (Entry Granting Reopening, 1st Dist. Feb. 27, 2012)(unreported, copy at ECF No. 8-5, PageID 1022, *et seq.*) Furthermore, when the appeal was reopened, the First District granted relief on this claim, upon concession by the State that the conviction for operating a motor vehicle under the influence of alcohol ("OVI") could merged with the OVI-based aggravated vehicular homicide conviction (Traverse, ECF No. 16, citing Appellee's Brief, ECF No. 8-5, PageID 1092, *et seq.*)  The State did not concede that the OVI count should merge with the conviction for recklessly committing homicide by vehicle (Count Five).  *Id.*  The First District in the reopened appeal held that the two aggravated vehicular homicide convictions (Counts One and Five) should merge with each other under Ohio Revised Code § 2941.25, but Campbell could be sentenced separately for the OVI conviction.  *State v. Campbell*, 2012-Ohio-4231, 2012 Ohio App. LEXIS 3742 (1st Dist. Sept. 19, 2012).

Campbell argues that the relief on the reopened appeal is not enough.  Rather, he says, "[h]ad appellate counsel properly raised and developed the issue, it is likely Campbell would have obtained relief on direct appeal, and would not have received an additional five years on his sentence at resentencing for the OVI."  (Traverse, ECF No. 16, PageID 2357).

This Court finds that claim completely speculative.  In arguing for a maximum sentence of twenty years at re-sentencing, the prosecutor pointed out that Campbell was, on the night of the offense, driving while under two lifetime license suspensions and after having been convicted of OVI on eight prior occasions, as well as numerous other criminal offenses (Sentencing

Memorandum, ECF No. 8-5, PageID 1171-72).

In any event, because this particular sub-claim has been decided on the merits by the Ohio courts and that decision is not an objectively unreasonable application of Supreme Court precedent, admission of the Gallagher deposition is barred by *Pinholster*.

In his third sub-claim, Campbell asserts he received ineffective assistance of appellate counsel when his appellate attorney did not raise the asserted discovery claims and trial counsel's failure to object on direct appeal.  This sub-claim was also decided on the merits by the First District and its decision is not an objectively unreasonable application of relevant Supreme Court precedent.  Admission of the Gallagher deposition is therefore barred by *Pinholster*.

In the fourth sub-claim, Campbell complains of appellate counsel's failure to assign prosecutorial misconduct as error and trial counsel's failure to object as ineffective assistance of trial counsel.  Admission of the Gallagher deposition on this sub-claim is barred for the same reason given on the third sub-claim.  The same is true of the fifth sub-claim.

**Seventh Claim for Relief:  Insufficient Evidence and Actual Innocence**

In his Seventh Claim for Relief Campbell asserts he was convicted on insufficient evidence and that he is entitled to habeas relief because he is actually innocent.  Campbell's Motion does not attempt to relate any of the materials sought to be added to this particular claim for relief (Motion, ECF No. 52, passim).

The Warden notes first that a free-standing claim of actual innocence is not a cognizable claim in habeas corpus (Memo in Opp. ECF No. 55, PageID 4062).  Case law in the Sixth Circuit establishes that the Supreme Court of the United States has never recognized a free-standing or

substantive actual innocence claim. *Cress v. Palmer*, 484 F.3d 844, 854 (6th Cir. 2007), *citing Zuern v. Tate*, 336 F.3d 478, 482, n.1 (6th Cir. 2003), and *Staley v. Jones*, 239 F.3d 769, 780, n.12 (6th Cir. 2001).

As to the sufficiency of the evidence claim, the Warden notes this claim was decided on the merits in the state courts and thus *Pinholster* bars admission of additional evidence. Campbell responds, "Campbell relies on the arguments previously made in his Petition and Traverse as to why relief is warranted for Campbell's seventh ground for relief."  (Reply Memo, ECF No. 57, PageID 4101.)  No citation to relevant pages is offered.

The Court concludes that no additional analysis is required regarding expansion of the record with material relevant to the Seventh Claim for Relief.

**Conclusion**

In accordance with the foregoing analysis, Campbell's Motion to Expand the Record is DENIED without prejudice to a possible motion for an evidentiary hearing and/or a motion to stay pending exhaustion of state court remedies on the Third Claim for Relief.

November 30, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge
