IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

WILLIAM CAMPBELL,

              Petitioner,      :      Case No. 1:14-cv-13

    - vs -                            District Judge Michael R. Barrett
                                        Magistrate Judge Michael R. Merz

WARDEN, London Correctional
  Institution,
                                          :

              Respondent.

---

## SUPPLEMENTAL MEMORANDUM OPINION ON POST-DISCOVERY MOTION TO EXPAND THE RECORD

---

      This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's Motion to Expand the Record (ECF No. 52). The Magistrate Judge denied the Motion ("Decision," ECF No. 58), Petitioner filed Objections (ECF No. 60), and Judge Barrett has recommitted the matter for a supplemental memorandum (ECF No. 62).

      A motion to expand the record is a non-dispositive pre-trial motion within the decisional authority of a Magistrate Judge in the first instance. On objections, the standard of review is clearly erroneous for factual findings and contrary to law for legal conclusions. Fed. R. Civ. P. 72(a).

**Factual Objection Regarding the Testimony of Corporal Robert Viner**

      Petitioner objects to footnote 8 in the Decision which reads "Another eyewitness,

1

Corporal Robert Viner, reported that Campbell was driving." (Decision, ECF No. 58, PageID 4127, citing Return of Writ, State Court Record, ECF No. 28-2, PageID 2733.) The citation is to the statement of Corporal Viner to Corporal Shepherd and describes the fatal accident as Viner observed it. He wrote

> As the Ford Explorer came to the intersection with Adams Road, the driver lost control of his vehicle and the right side tires traveled off the right side of the roadway, striking a non-mountable asphalt curb. The Ford Explorer traveled through the intersection and off the north side of the roadway. As the Ford Explorer continued out of control, it struck a large pine tree in front of 2407 Adams Road (Northview Wesleyan Church). The Ford Explorer continued through the tree and collided with the north wall of the church. At this point a male white was observed being ejected through the front windshield, landing on the northwest lawn at 2407 Adams Road. I observed this as I was crossing through the intersection with Adams Road. I then pulled my vehicle into the church parking lot where I stopped approximately 15 feet from the Ford Explorer. I exited my vehicle and approached the ejected subject, identified as William A. Campbell. Campbell was conscious and was attempting to stand up. I advised Campbell to remain still and await EMS. I then looked into the Ford Explorer and observed another subject trapped in the vehicle. The trapped subject, identified later as Tina Hayes, was observed seated in the front passenger's seat with her head pinned between the right side of the passenger seat and the passenger's door.

Noting Viner's use of the word "his" to describe the crashed vehicle and his report that the victim, Tina Hayes, was pinned in the passenger seat, I read Viner's report to say that Campbell was driving.

Petitioner objects that at trial Viner testified that when he asked Campbell at the scene who was driving, he responded "not me" (Objections, ECF No. 60, PageID 4141.) Petitioner also objects that during cross-examination at trial, Viner admitted he could not identify the driver during the ten to twelve seconds he observed the car. *Id.*, citing "R. 8-7, Trial Transcript at 774-76, PageID 2049-51.) That citation to the record is plainly wrong. The person on the witness

stand at Trial Transcript 774-76 (PageID 2049-51) was Pamela Holt, the mother of Tina Hayes, and not Corporal Viner (ECF No. 8-10, PageID 2027).

Corporal Viner's testimony begins at ECF No. 8-7, PageID 1567. He testifies that he was on road patrol on October 1, 2008, and first came into contact with Petitioner Campbell about 11:45 that night. On direct examination he testified he could not see who was in the car when it rapidly accelerated and he began to follow. *Id.* at PageID 1570. Viner observed the car crash into the church and immediately stopped his cruiser. When he approached the crashed vehicle, he found Campbell lying in the grass on the south side of the vehicle, no one in the driver's seat, and Hayes unconscious in the front passenger seat. PageID 1579. Hayes' head was "wedged in between the passenger seat and the B-pillar. *Id.* When he asked Campbell who was driving, Campbell responded "not me." *Id.* at PageID 1583.

The cross-examination referred to in the Objections begins at ECF No. 8-7, PageID 1592. The first questions Viner was asked on cross are the ones quoted in the Objections in which he admitted he could not see the driver during the ten to twelve seconds he was aware of the car before the crash.

I believe the Decision fairly read Viner's Report as saying that Campbell was driving. However, I agree with Petitioner that Viner was effectively cross-examined to admit he did not see Campbell driving.

**Objection to the Application of *Cullen v. Pinholster***

The Magistrate Judge denied expansion of the record based on the Sixth Circuit's decision in *Moore v. Mitchell*, 708 F.3d 760 (6th Cir. 2013), that the Supreme Court's limitation

3

on evidentiary hearings in *Cullen v. Pinholster,* 563 U.S. 170 (2011), also applied to expansion of the record. Campbell correctly notes that the jurisdictional language about § 2254(d)(1) in *Moore* was later rejected by the Circuit in *Allen v. Parker,* 542 Fed. Appx. 435, 439, 2013 U.S. App. LEXIS 18523 (6th Cir. 2013). But *Allen* does not purport to change the underlying holding in *Moore* – that *Pinholster* applies to motions to expand the record – nor could it, since it is not a published opinion. Indeed, *Allen* cites *Moore* for the proposition that "the evidentiary restricts of *Pinholster* are similarly unwaivable. 542 Fed. Appx. at 440-41.

The Magistrate Judge's Decision specifically invited Campbell to move for a stay so that he could present the evidence obtained in federal habeas discovery to the state courts. Campbell objects that "returning to state court again will be a futile exercise." (Objections, ECF No. 60, PageID 4143.) That assertion is purely speculative. This Court has had two capital cases in the last several years where post-conviction proceedings in the state courts have resulted in vacation of the death sentence.

Campbell cites two cases in which he says district courts have permitted expansion of the record despite *Pinholster*: *Browning v. Workman*, No. 07-CV-160, 2011 WL 2604744 (N.D. Ok. June 30, 2011), and *Hill v. Mitchell*, No. 1:98-cv-452, 2013 WL 1345831 (S.D. Ohio Mar. 29, 2013). *Browning* was decided before *Moore v. Mitchell*. Although *Hill* was decided about a month after *Moore*, it does not cite the Sixth Circuit's decision. *Hill* is a capital case. The decision is 124 pages long and was probably in preparation for more than the month before it was filed. This Court is obliged to follow *Moore*.

Campbell next argues that, assuming *Pinholster* applies, there are "additional paths to address *Pinholster*." (Objections, ECF No. 60, PageID 4143). He cites *Moore v. Penn. Dept. of Corrections*, 457 Fed. Appx. 170, 2012 WL 34514 (3rd Cir. 2012), as having allowed an

4

evidentiary hearing on *Brady v. Maryland* and ineffective assistance of trial counsel claims. That is true, but it did so only after holding that the state courts' decisions on these claims were objectively unreasonable under 28 U.S.C. § 2254(d).

**Objection Regarding First Ground for Relief**

Campbell's First Ground for Relief is that the trial court violated his Fifth Amendment rights when it permitted a police witness to mention his post-*Miranda* silence, as prohibited by *Doyle v. Ohio*, 426 U.S. 610 (1976). The Decision concluded this claim was procedurally defaulted and therefore was therefore not good cause to expand the record with respect to the claim (ECF No. 58, PageID 4118-4127). The Decision also rejected Campbell's attempt to excuse his default by showing actual innocence. *Id.* at PageID 4127-29.

The Decision found this *Doyle* claim was procedurally defaulted in three different ways: (1) when the trial attorney failed to object at trial, (2) when the appellate attorney failed to raise the issue on direct appeal, and (3) when Campbell's Ohio App. R. 26(B) application to raise the claim of ineffective assistance of appellate counsel for not raising this claim on direct appeal was untimely filed.

Campbell first objects that the First District Court of Appeals did not reject the ineffective assistance of appellate counsel claim on procedural grounds (ECF No. 60, PageID 4144-45). In the Magistrate Judge's opinion, this argument is discussed thoroughly in the Decision and Order and does not need further discussion.

Campbell then reads the Decision as saying he "has not made an argument on the merits of the claim." (Objections, ECF No. 60, PageID 4145.) Of course he has argued the merits of

5

the substantive *Doyle* claim. But he elides the necessary additional steps in the analysis. Not every failure to object to an improper statement by a witness is an instance of ineffective assistance of trial counsel and not every failure to raise on appeal a misstep of trial counsel rises to the level of ineffective assistance of appellate counsel. Campbell concludes "it cannot be considered a trial tactic for the jury to hear, repeatedly, how his client requested an attorney and wished to remain silent." *Id.* But he cites no controlling authority for the proposition that every failure to object to a *Doyle* violation is ineffective assistance of trial counsel and every failure to raise trial counsel's failure to object to a *Doyle* violation is ineffective assistance of appellate counsel. Even if he had such controlling authority, there is still the default of failing to raise the ineffective assistance of appellate counsel claim in a timely manner, a default the Sixth Circuit has repeatedly enforced. See, e.g., *Wogenstahl v. Mitchell,* 668 F.3d 307 (6th Cir. 2012).

**Objections Regarding *Brady* Claim and Exhaustion**

Campbell's Third Claim for Relief arises under *Brady v. Maryland*, 373 U.S. 83 (1963). The Magistrate Judge divided the claim into three parts relating to (1) a photograph used in cross-examination at trial, (2) time-stamped photographs of the crime scene obtained in discovery in this Court, and (3) autopsy photographs.

Regarding the first of these, the Decision held the claim was without merit because the photograph in question was presumably shown to defense counsel at trial before being used in cross-examination (Decision, ECF No. 58, PageID 4129-31.) Campbell objects that his "claim is based on what the testimony about this photograph showed, namely that **every** photograph taken in this case had a time-stamp showing when that photograph was taken. It is the time-stamp

information that is exculpatory and was not provided to Campbell or his counsel." (Objections, ECF No. 60, PageID 4146, emphasis sic.) Now that the nature of the claim has been made clearer, any conclusion about the merits of a *Brady* claim is premature and is withdrawn.[1]

Instead, this single photo must be considered in context with the other crime scene photographs and the autopsy photographs, the second and third groups of claimed *Brady* material. In the Decision the Magistrate Judge held that Ground Three was not exhausted because it had not been presented to the state courts, but could still be presented in a delayed motion for new trial (Decision, ECF No. 58, PageID 4131).

Campbell responds that he "objects, and submits that these claims can be considered now." (Objections, ECF No. 60, PageID 4147.) He cites Supreme Court cases having to do with showing cause and prejudice to excuse procedural default. *Id., citing Strickler v. Greene,* 527 U.S. 263 (1999), *and Banks v. Dretke,* 540 U.S. 668 (2004). But the Decision did not find the *Brady* claim procedurally defaulted, but unexhausted. The Sixth Circuit has explained the distinction:

> As is well-established (although sometimes muddled by courts), two types of procedural barriers might preclude federal review of claims in a habeas petition. The first type, procedural default, is a judicially created rule, grounded in fealty to comity values and requiring federal courts to respect state court judgments that are based on an "independent and adequate" state procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 732, 115 L. Ed. 2d 640, 111 S. Ct. 2546 (1991); *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986) (establishing a four-part test for determining whether a procedural rule is an independent and adequate state ground). In procedural default cases, the state court or courts reject a direct or post-conviction appeal because the defendant failed to comply with some state law or rule concerning timeliness, pleading requirements, sufficient evidence, or the like.
>
> The second type of bar, exhaustion, is similarly grounded in respect for state court procedures, but it is federally mandated by

---

[1] The Magistrate Judge made no recommendation about disposition of the Third Claim for Relief.

> AEDPA, see 28 U.S.C. § 2254(b)(1)(A), (c), and requires petitioners to give state courts a "fair opportunity" to assess petitioners' claims. *O'Sullivan*, 526 U.S. at 844. Often, federal courts will rule that a petitioner's claim is "defaulted" because the petitioner failed to exhaust his remedies and the time for refiling an appeal in the state court has passed. The unexhausted claim is then classified as "procedurally defaulted" and deemed forfeited absent a showing of cause and prejudice. *See In re Cook*, 215 F.3d 606, 607-08 (6th Cir. 2000).
>
> But exhaustion and procedural default are distinguishable in an important sense. A defendant could fail to exhaust a claim without procedurally defaulting if he could return to the state courts to exhaust. Alternatively, as in this case, the defendant could fail to exhaust without defaulting if a clarification in procedural law indicates that he has already taken the necessary action to exhaust. That is, forfeiture by failure to exhaust entails a legal fiction, of sorts. The state court has not rejected an appeal based on a state rule violation; there is no declaration by the state court of an independent and adequate state ground to which the federal court must defer. Instead, the federal court makes a presumption that the state court would reject the appeal on independent and adequate state grounds if the petitioner tried to file it. But, by declaring the claim forfeited, the federal court saves the petitioner and the state court from respectively preparing and rejecting a futile filing. The federal court then views the claim through the lens of procedural default to determine whether there is cause and prejudice to excuse the default. In short, the crux of forfeiture by failure to exhaust is that the federal court's default decision rests upon a presumption about what the state court would do, rather than respect for what a state court actually did.

*Abdur'Rahman v. Bell (In re Abdur'Rahman)*, 392 F.3d 174, 186-187 (6th Cir., 2004)(*vacated on other grounds*, 545 U.S. 1151 (2005).

As to exhaustion, Campbell claims that filing a delayed motion for new trial "will likely be futile considering the Ohio Crim. R. 33(B) standard Campbell would be required to meet." (Objections, ECF No. 60, PageID 4148.)  But Campbell merely claims futility without making an argument in favor of that claim.  And the Sixth Circuit has held that exhaustion in Ohio may require filing a motion for a new trial or a second post-conviction petition.  *Cunningham v.*

*Hudson,* 756 F.3d 477, 482 (6th Cir. 2014). "[T]he determination of whether a habeas petitioner satisfies a state procedural requirement 'is for the state court to make.'" *Cunningham v. Hudson,* 756 F.3d 477, 483 (6th Cir. 2014), quoting *Wagner v. Smith,* 581 F.3d 410, 419 (6th Cir. 2009).

**Objection Regarding Ineffective Assistance of Appellate Counsel**

Campbell sought to expand the record on his five sub-claims of ineffective assistance of appellate counsel by adding the deposition of appellate attorney William Gallagher to the record before this Court. The Objections do not require additional discussion on this request beyond what has already been written.

**Objection Regarding Insufficient Evidence and Actual Innocence**

Campbell's Seventh Ground for Relief combines a claim under *Jackson v. Virginia*, 443 U.S. 307 (1979), that he was convicted on insufficient evidence, and a claim that he is entitled to habeas corpus relief because he is actually innocent. The Magistrate Judge did not read the Motion to Expand as relating any of the materials sought to be added to the record (ECF No. 58, PageID 4134). Instead of pointing to any place in the Motion to Expand that would make that statement inaccurate, Campbell now says the Report of the accident reconstructionist, Jack Holland, is related to these claims "because it unequivocally demonstrates Campbell was not the driver." (Objections, ECF No. 60, PageID 4148.)

Holland's Report is not relevant to the question whether Campbell was convicted on insufficient evidence because, under 28 U.S.C. § 2254(d), this Court must decide the claim on

9

the basis of what was before the state courts.  *Pinholster*, *supra.*  Campbell does not respond to the Decision's point that the Supreme Court has not recognized a free-standing actual innocence claim.

**Conclusion**

Having reviewed the Decision denying expansion of the record in light of Campbell's Objections, the Magistrate Judge concludes the Decision is correct except for the withdrawn conclusion that any *Brady* claim related to the photograph shown to Pamela Holt at trial is without merit.

February 9, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge
